THE BLOOMINGTON MUTUAL BENEFIT ASSOCIATION

*v.*

WILLIAM BLUE.

*Filed at Springfield March 23. 1887.*

1. LIFE INSURANCE—*by whom a policy may be obtained, and for whose benefit—of a wager policy.* A policy taken out on the life of a third person, by a beneficiary, the latter having no pecuniary interest in the life of the assured, is a wager policy, and as such is void.

2. Public policy forbids one person who has no interest in the continuance of the life of another, from speculating on that life by procuring a policy of insurance thereon, without the knowledge or consent of the assured.

3. A person has an insurable interest in his own life, and has a right to procure a policy on the same, and have it made payable to any one whom he may appoint, although the beneficiary designated may not have any pecuniary interest in the continuance of the life of the assured.

4. SAME—*of the doctrine as applied to companies formed on the mutual benefit plan.* And when, under a charter of a mutual benefit association, a member thereof may take out a policy on his own life and devise such policy to a stranger, there is no reason why he may not have the policy made payable to the proposed beneficiary directly, in lieu of doing the same thing by appointment in a will.

5. Section 1 of the act of 1883, relating to corporations on the mutual benefit plan, which provides that such corporations, etc., may be organized

for the purpose of furnishing life indemnity or pecuniary benefits to the widows, orphans, heirs or relatives, by consanguinity or affinity, or legatees, of deceased members, does not prohibit the issue of a policy to a member, made payable to one not related to him, and who has no pecuniary interest in the continuance of the life of such member.

6. SAME—*estoppel to claim a want of authority to insure for benefit of a person appointed as beneficiary.* Where a mutual benefit association voluntarily enters into a contract of insurance upon the life of a member for the benefit of one not expressly authorized or prohibited from becoming a beneficiary, which is not contrary to public policy, and receives all the premiums thereon, it will not be allowed to defeat a recovery on the policy, at the suit of the beneficiary, by claiming that the contract, on the part of the association, is *ultra vires.*

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.

Messrs. FIFER & PHILLIPS, for the plaintiff in error:

At common law, the contract is void on grounds of public policy, for the reason that Blue had no insurable interest in the life of Bailey. *Insurance Co.* v. *Hogan,* 80 Ill. 35; *Insurance Co.* v. *Hoyt,* 46 Mich. 473; *Insurance Co.* v. *Sturges,* 18 Kan. 93; *Gambs* v. *Insurance Co.* 50 Mo. 44; *Warnock* v. *Davis,* 104 U. S. 775; *Canmack* v. *Lewis,* 15 Wall. 643.

Section 1 of the statute prohibits any one from becoming a beneficiary unless included in the class of persons therein named, and therefore the policy is void. *Penn* v. *Bornman,* 102 Ill. 523; *Insurance Co.* v. *Miller,* 13 Bush, 489; *Insurance Co.* v. *Falmer,* 87 Pa. St. 133.

Messrs. KERRICK, LUCAS & SPENCER, for the defendant in error:

It is the well settled rule of law in this State, that a corporation can not plead *ultra vires* to its own executed contracts. *Bradley* v. *Ballard,* 55 Ill. 415; *Building Society* v. *Crowell,* 65 id. 453; *Darst* v. *Gale,* 83 id. 136; *Ward* v. *Johnson,* 95 id. 215; *East St. Louis* v. *Gaslight Co.* 98 id. 415; *Railroad Co.* v. *Thompson,* 103 id. 187; *West* v. *Agricultural Board,* 82 id. 205.

And the great weight of authority outside of this State is to the same effect.   2 Morawetz on Private Corp. 689; Green's Brice's Ultra Vires, 784; *Gold Mining Co.* v. *National Bank,* 96 U. S. 640; *National Bank* v. *Meadows,* 98 id. 621; *Perkins* v. *Railroad Co.* 47 Me. 573; *Railroad Co.* v. *Proctor,* 29 Vt. 93; *National Bank* v. *Rogers,* 125 Mass. 339; *Arms Co.* v. *Barlow,* 63 N. Y. 62; *Thompson* v. *Lambert,* 44 Iowa, 239; *National Bank* v. *Insurance Co.* 41 Ohio St. 1; *Water Co.* v. *Murphy's Flat,* 22 Cal. 621; *Manufacturing Co.* v. *Railroad Co.* 48 Mich. 331.

The contract is not void, as against public policy.   *Johnson* v. *Van Epps,* 110 Ill. 551; 14 Bradw. 201; *Langdon* v. *Life Ins. Co.* 14 Fed. Rep. 272; *Life Ins. Co.* v. *Baum,* 29 Ind. 236; *Campbell* v. *Insurance Co.* 98 Mass. 381; *Life Ins. Co.* v. *Francis,* 94 U. S. 561; *Life Ins. Co.* v. *Shafer,* id. 457; *St. John* v. *Life Ins. Co.* 13 N. Y. 31; *Wainwright* v. *Bland,* 1 M. & W. 32; *Volton* v. *Life Ins. Co.* 22 Bush, 9; May on Insurance, secs. 112, 113; Bliss on Insurance, sec. 26; *Olmstead* v. *Keys,* 85 N. Y. 597; *Forbes* v. *Life Ins. Co.* 15 Gray, 249; *Lemon* v. *Life Ins. Co.* 38 Conn. 294; *Rawls* v. *Life Ins. Co.* 27 N. Y. 283; *Fairchild* v. *Life Association,* 51 Vt. 613; *Brockway* v. *Insurance Co.* 9 Fed. Rep. 249; *Warnock* v. *Davis,* 104 U. S. 775; *Clark* v. *Allen,* 11 R. I. 439.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by William Blue, against the Bloomington Mutual Benefit Association, to recover a certain amount of money claimed to be due on a life benefit certificate issued by the defendant in October, 1883, to William R. Bailey, by which the association agreed, in consideration of certain payments to be made by Bailey, to pay to William Blue, upon the death of Bailey, an amount therein named. To the declaration on the certificate, the defendant filed four special pleas.   In the first, it is averred that defendant is a

corporation organized and doing business under an act of the legislature, approved June 18, 1883, in force July 1, 1883; that the plaintiff, Blue, is not a legatee or devisee of the said William R. Bailey, and is not related to said Bailey, either by affinity or consanguinity, etc.; that the defendant, by virtue of the act under which it was organized and doing business, was only authorized to furnish life indemnity and pecuniary benefits to the widows, orphans, etc., of deceased members, by means whereof said life benefit certificate was and now is null and void. The second plea is like the first, and contains the following additional averments: "The object for which it is formed, is to provide and equitably distribute, at minimum cost, a fund devoted to the relief of widows, orphans, heirs and devisees of deceased members." It is also averred in this plea, that Blue was not a creditor of Bailey, and had no pecuniary interest in his life, and had no well founded expectation of pecuniary advantage to be derived from the continuance of the life of Bailey. This plea also contains a copy of the constitution and by-laws of defendant. In the third plea, the statute and defendant's articles of incorporation are set up as a defence, and in the fourth plea, the articles of incorporation, and the fact that Blue had no pecuniary interest in the continuance of the life of Bailey, are interposed as a defence. To the pleas, the court sustained a general demurrer, and the defendant abiding by the pleas, judgment was rendered in favor of the plaintiff for the amount claimed.

It is contended, first, that Blue had no insurable interest in the life of Bailey, and hence the contract was void; second, that it is rendered void by virtue of the statute under which defendant is organized and doing business.

It may be regarded as a plain proposition of law, that a wagering policy is void, and we think it also well settled that a policy taken out on the life of a third party by a beneficiary, in the continuance of whose life the beneficiary has no pecu-

niary interest, may be regarded as a wagering policy, and as such would be void. Had this policy been taken out by Blue on the life of Bailey, without his knowledge or consent, and had the premiums been paid by him, it would manifestly fall within what is known as a wagering policy, and would be void. Public policy forbids one person, who has no interest in the continuance of the life of another, from speculating on that life by procuring a policy of insurance; but here it does not appear that Blue had any instrumentality whatever in procuring the policy on the life of Bailey, or that he ever paid any portion of the premiums to procure the policy or to keep it in force, and hence the case of *Insurance Co.* v. *Hogan*, 80 Ill. 39, cited by the defendant, has no bearing on this case. In the case cited, the insurance was procured by the beneficiary, and all the premiums were paid by him, while here, Bailey procured the policy and paid all the premiums. Manifestly, the *Hogan case* can have no bearing on the facts of this case. Bailey had an insurable interest in his own life, and had a clear right to procure a policy on his life, and unless some principle of public policy is violated, he could make it payable, in case of death, to any person whom he might desire.

In *Lemon* v. *Phenix Mutual Life Co.* 38 Conn. 294, where a similar question arose, it is said: "A question was made before us that Miss Lemon had not an insurable interest in Mr. Peterson's life. If she had undertaken to obtain, and had herself obtained, an insurance on his life, that question might have arisen; but surely Mr. Peterson had an insurable interest in his own life, and *he* obtained the insurance on it, and we know of no law to prevent him making it payable, in case of his death, to the person to whom he was affianced, and if such a policy is delivered, as a gift, to the party to whom payable, we know of no law to prevent such a gift being effectual."

In *Reeves* v. *Life Ins. Co.* 27 N. Y. 282, Judge Wright says: "If the contract is with the party whose life is insured, he

may have the loss payable to his own representative, or to his assignee or appointee."

In *Fairchild* v. *New England Mutual Life Ins. Association*, 51 Vt. 613, it is said: "The second point made by the defendant is, that Fairchild had no insurable interest in the life of Mrs. Nay, and that the policy is therefore a wagering contract, and void by the law of this State. * * * If it were shown, therefore, that in point of fact Fairchild procured this policy to be issued upon the life of Mrs. Nay, himself, and for his own benefit, the question of his insurable interest might arise. But the *prima facie* showing of the policy, application and receipts is, that Mrs. Nay procured the policy to be issued herself, upon her own life, and chose to make Fairchild the beneficiary. * * * We are bound to presume that the policy was procured by Mrs. Nay upon her own life, as is the purport of the instrument itself. * * * 'It can not be questioned,' says the Supreme Court of Indiana, 'that a person has an insurable interest in his own life, and that he may effect such insurance, and appoint any one to receive the money, in case of his death during the existence of the policy,' and he may effectuate this object by an assignment of the policy, or by immediately appointing such person as the beneficiary. * * * It is the interest of A in his own life that supports the policy. The plaintiff did not, by virtue of the clause declaring the policy to be for her benefit, become the assured. She is merely the person designated, by the agreement of the parties, to receive the proceeds of the policy upon the death of the assured."

In *Langdon* v. *Union Mutual Life Co.* 14 Fed. Rep. 272, it is said: "There is no case, to my knowledge, which holds, that a party may not insure his own life, and make the policy payable to any one he may select, though such person has no legal interest in his life. * * * Although this exact question has not been decided, the intimations of the courts are uniformly in that direction."

In *Connecticut Mutual Life Ins Co.* v. *Schaffer*, 94 U. S. 457, it is said : "There is no doubt that a man may effect an insurance on his own life for the benefit of a relative or friend, or two or more persons, on their joint lives, for the benefit of the survivor or survivors. The old tontines were based substantially on this principle, and their validity has never been called in question. The essential thing is, that the policy should be obtained in good faith, and not for the purpose of speculating on the hazard of a life in which the assured has no interest."

There are other authorities holding the same doctrine, but we have referred to enough to show the current of authority on the question.

The first section of the act under which the defendant is organized, in express terms authorizes the organization of such associations for the purpose of furnishing life indemnity or pecuniary benefits to devisees or legatees. If, as is plain from the language of the statute, a person may take out a policy on his own life, and devise such policy to a stranger, what principle of public policy would be violated by a provision in the policy making it payable to a stranger, in lieu of doing the same thing by will? If the policy may be made payable to a stranger who has no insurable interest in the life of the insured, as it may be by statute, we perceive no reason which will prevent the same thing being done by a clause the insured may have inserted in the policy at the time the insurance is procured.

We have been cited to *Mutual Benefit Association of Michigan* v. *Hoyt*, 46 Mich. 473, as an authority holding that the policy is contrary to public policy, and void. The case cited sustains that view, but we do not regard it in harmony with the current of authority, and are not inclined to follow it. We think the better rule is, where a person obtains a policy on his life, of his own accord, and pays the premiums himself, he may, if he desires, make the policy payable to one who has

no insurable interest in his life, and by so doing, no rule of law or principle of public policy will be violated.

We now come to the second question. Section 1 of the act under which defendant is incorporated, is as follows: "That corporations, associations or societies, for the purpose of furnishing life indemnity or pecuniary benefits to the widows, orphans, heirs or relatives, by consanguinity or affinity, devisees or legatees, of deceased members, or accident or permanent disability indemnity to members thereof, and where members shall receive no money as profit, and where funds for the payment of such benefits shall be secured, in whole or in part, by assessment upon the surviving members, may be organized, subject to the conditions hereinafter provided." It is contended that all persons not named in the act are prohibited from becoming beneficiaries. It will be observed that the contract involved is not absolutely prohibited by statute. All that can properly be claimed is, that it was not expressly authorized by the statute. The defendant voluntarily issued the policy. It received the premium, and Bailey fully, so far as appears, performed all that his contract required him to do. So far as he is concerned, the contract is an executed one. Now, upon the death of Bailey, when the defendant is called upon to perform its part of the contract, can it refuse, and defeat a recovery by claiming that the contract is *ultra vires?* We think the law on this question is well settled that such a defence can not be made availing. Where the contract has been fully performed by the party contracting with the corporation, and the corporation has received the benefits from such contract, it can not invoke the doctrine of *ultra vires* to defeat an action brought against it on such contract. *Bradley* v. *Ballard,* 55 Ill. 415; *Darst* v. *Gale,* 83 id. 136; 2 Morawetz on Corporations, 689.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*