## Metropolitan Accident Association v. Jubal Harrison Clifton.

1. INSURANCE—*When the Application is the Act of the Company.*— Where an applicant for insurance informed the company's agent as to certain matters required to be stated in the application, and signed a blank application, which the agent afterward filled out himself, and which was not afterward seen by the applicant until produced by the company on the trial of a suit on the policy, it was held that the application was the act of the company, and that the representations therein were conclusive upon it.

2. SAME—*Waiver of Demand in Writing.*—Where the conditions of an insurance required a demand in writing to be made before bringing a suit upon the policy, and the attorney for the insured made a verbal demand upon the company's agent for payment and was refused, with the statement that the insured had committed a fraud on the company, *it was held* that the objection to the form of the demand was waived.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

A. NEY SESSIONS and JAMES LINGLE, attorneys for appellant.

Dodd & Pickrell, attorneys for appellee.

Mr. Presiding Justice Green delivered the opinion of the Court.

This suit was brought by appellee on a policy issued to him by appellant and the verdict returned was for $67.50 damages, for which sum and costs of suit a judgment was entered. Appellee was insured by this policy in class "A," on the basis of his liability to accident in his occupation of "produce dealer and shipper," which was the occupation represented in his application.

The defense relied on was that plaintiff fraudulently represented his occupation to be that of "produce dealer and shipper" in procuring the policy, when in fact his principal occupation then was that of a junk dealer, which is classed in class "C," and would entitle him to a less amount of indemnity for total disability than if he was insured in class "A;" that plaintiff was not disabled during the month sued for, but was shamming; that no proper proof of the disability sued for was furnished defendant as required by the policy and by-laws; that the court erred in its rulings in admitting and refusing to admit evidence, and in giving, refusing and modifying instructions.

An examination of the record satisfies us that the trial court committed no reversible error either in its rulings touching the evidence or in respect to the instructions given, refused or modified. Twenty-two instructions were given for defendant, and the jury were thereby instructed fully and most favorably in its behalf. The evidence justified the jury in finding that plaintiff was disabled by an accident, and continued in that condition during the month as claimed, and was not shamming.

It was admitted by defendant that plaintiff on June 18th furnished it with written notice stating the time, place, manner and nature of the injury complained of, and the certificate of a surgeon who had examined the same, as provided by the policy. And on September 18, 1893, the day before

this suit was commenced, plaintiff's attorney made a verbal demand on defendant's agent for payment of this claim, and the agent replied : " Your man has committed a fraud on us, and we refuse to pay it; " and thereby waived objection to the form of the demand, but based the refusal to pay solely on the ground of fraud.

The only remaining matter necessary to notice is the complaint that plaintiff fraudulently represented his occupation to be that of " produce dealer and shipper " at the time he applied for the policy. He was called and examined as a witness on behalf of defendant, and, if the jury believed his testimony, he was a dealer in and shipper of produce, as stated in the written application. Furthermore, he testified he fully and truthfully informed defendant's agent as to his occupation and signed a blank application which said agent afterward filled out himself, and which was not seen by plaintiff until produced at the trial.

This being so, the application was the act of defendant and the representations therein were conclusive upon it. Andes Ins. Co. v. Fish, 71 Ill. 620; Germania Fire Ins. Co. v. Hick, 125 Ill. 361; Phœnix Ins. Co. v. Stocks, 149 Ill. 619.

No reason appears why the judgment should be reversed, and it is therefore affirmed.