# Chicago Pneumatic Tool Co. v. H. W. Jones Mfg. Co.

91  547
90  294
91  547
d107  346
91  547
114  201
114  ¹438

1. CORPORATIONS—*Contracts Ultra Vires, Absolutely Void.*—A contract of a corporation not within the scope of its chartered powers is absolutely void and no action can be maintained upon it under any cir-

**548**     APPELLATE COURTS OF ILLINOIS.

VOL. 91.]   Chicago Pneumatic Tool Co. v. H. W. Jones Mfg. Co.

cumstances. No performance by either party can give such contract any validity or be foundation of any right of action upon it.

2. ESTOPPEL—*By Contract Ultra Vires.*—When a contract is beyond the chartered powers conferred upon the corporation by existing laws, neither the corporation nor the other party to the contract can be estopped by assenting to it or acting upon it, to show that it was prohibited by such laws.

**Assumpsit,** for goods sold. Appeal from the Circuit Court of Cook County. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed November 26, 1899. Rehearing denied January 4, 1900.

GEO. S. STEERE, attorney for appellant; H. W. WAKELEE, of counsel.

The authority of the president of a corporation does not extend beyond the ordinary business of the corporation, and in order to make his acts binding on the company it must be shown that such acts are within the scope of his authority, and relate to a transaction in which he has been authorized to act for the corporation. C., B. & Q. R. R. Co. v. Coleman, 18 Ill. 297, 299; C. & G. E. R. R. Co. v. Fox, 41 Ill. 106; Joliet E. L. & P. Co. v. Ingalls, 23 Ill. App. 45, 50; Adams v. Cross Wood Printing Co., 27 Ill. App. 313, 317; C. & St. L. R. R. Co. v. Ashling, 34 Ill. App. 99, 109; B. S. Green Co. v. Blodgett, 49 Ill. App. 180, 184, 186; Mast Buggy Co. v. Litchfield Implement Co., 55 Ill. App. 98, 104, 105; Koch v. Nat'l U. Bldg. Assn., 35 Ill. App. 465, 467; Wait v. Nashua Armory Assn., 66 N. H. 581 (S. C., 23 Atl. Rep. 77 and 14 L. R. A. 356 and note).

WILBER, ELDRIDGE & ALDEN, attorneys for appellee.

The president of a corporation, by virtue of his office, has *prima facie* authority to make any contract for and on behalf of the corporation, which is *intra vires,* and which is not clearly foreign to the general power of a president. Green v. Blodgett, 55 Ill. App. 556; Atwater v. Am. Exch. Nat'l Bank, 152 Ill. 605; Snyder Bros. v. Bailey, 165 Ill. 447; Bank of Minneapolis v. Griffin, 168 Ill. 314; Anderson v. So. Chicago, Brewing Co., 173 Ill. 213; Anderson Transfer Co. v. Fuller, 174 Ill. 221.

Mr. Justice Adams delivered the opinion of the court.

This is an appeal from a judgment for $890.18 in favor of appellee and against appellant, rendered on the verdict of a jury peremptorily directed by the court.   The suit was to recover the contract price of certain mica washers alleged to have been manufactured by appellee by contract with appellant, and which appellee held in store for appellant and at its request.   The evidence introduced by appellee made, in our opinion, a *prima facie* case entitling it to recover in the absence of countervailing evidence.

It appeared from the evidence of appellee's witnesses that the washers were intended for an insulated electric joint, and could only be so used, and were of no value in the market.

Appellant's attorney called as a witness William B. Hennersheets, its secretary and treasurer, who testified that appellant had nothing to do with the mica washers, and was then asked the following question:

Q. "In what kind of business was the Chicago Pneumatic Tool Company engaged from the time of its incorporation down to the present time?" which question was objected to by appellee's attorney, when appellant's attorney stated that the object of the question was to show by the witness that appellant was engaged in the manufacture and sale of pneumatic tools in the construction of which the mica washers had no place; that the washers were in no way connected with pneumatic tools, and did not come within the business of the company.   The court at first sustained the objection, but subsequently, in answer to a question of the court, the witness stated that appellant's business was to manufacture and sell pneumatic tools.   Appellant then put in evidence its articles of incorporation, from which it appears that its corporate object is "to manufacture, sell and deal in pneumatic tools."   This question was then asked :

Q. "Will you please explain what is meant by pneumatic tools?" which question was objected to, and appellant's attorney stated to the court that the purpose of the

question was to show that the mica washers could not be used for the manufacture of pneumatic tools, and did not become and could not become a part of them.   The offered evidence tended to show, and perhaps, if the examination had been allowed to proceed, would have shown, that the purchase of the washers was not within the corporate powers of appellant.   But the court excluded the evidence, presumably on the theory that appellee having fully performed its part of the contract, and appellant having received the benefit thereof, it was estopped to plead *ultra vires*.   We had supposed this to be the law of this State until enlightened by the opinion in the recent case of National Home Building Association v. Bank, 181 Ill. 35, in which the court expressly and emphatically announces the doctrine that a contract of a corporation not within the scope of its chartered powers is absolutely void, and that no action can be maintained on it under any circumstances. The court quotes with approval this language from Central Transportation Co. v. Pullman Palace Car Co., 139 U. S. 24 :

" No performance on either side can give the unlawful contract any validity, or be the foundation of any right of action upon it."

The court also quotes with approval the following from the same case :

" But when the contract is beyond the powers conferred upon it by existing laws, neither the corporation nor the other party to the contract can be estopped, by assenting to it or by acting upon it, to show that it was prohibited by those laws."

Such being the law of this State at the present writing, it will behoove persons proposing to deal with any one of the numerous business corporations of the State, many of which are little more than limited partnerships, to first ascertain the corporate powers of the corporation, even if for this purpose it may be necessary to refer to its recorded articles of incorporation.

For the error in excluding the offered evidence, the judgment will be reversed and the cause remanded.