## Fraternal Tribunes v. Nettie M. Steele, et al.

### Gen. No. 11,322.

1. FRATERNAL BENEFIT SOCIETY—*what constitutes charter of.* The certificate of association together with the insurance superintendent's certificate of organization constitute the charter of a fraternal benefit society.

2. FRATERNAL BENEFIT SOCIETY—*who may not become members of.* The certificate of association of a fraternal benefit society must contain a limitation as to the ages of applicants for membership, and such a limitation is material and precludes the admission of persons not within such limitation.

3. ULTRA VIRES—*when admission of member in a fraternal benefit society is.* Where the charter of a fraternal benefit society limits the ages of those to be admitted to membership to fifty years, the admission of a person over fifty years of age is an act *ultra vires* and no recovery can be had upon a benefit certificate issued to such a person.

4. WAIVER—*when question of, does not arise.* Where a fraternal benefit society, without authority and contrary to the express provisions of its charter, formally admits to membership one totally ineligible, its action is void, and the subsequent retention by such society of dues and assessments paid by such a member does not operate as a waiver of the right to contest a claim based upon the certificate issued to such a member.

‹- Action of assumpsit upon benefit certificate. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.    Heard in this court at the October term, 1903.    Reversed.    Opinion filed May 26, 1904.·

**Statement by the Court.**    Appellant is a fraternal benefit association, and was incorporated June 22, 1897, under and by virtue of "An Act to provide for the organization of fraternal beneficiary societies," etc., approved and in force June 22, 1893, as amended by act in force July 1, 1895.    Hurd's Rev. Stat. 1895, p. 923.    Section 7 of the act provides:    "Any ten or more persons, citizens and voters of this state, may associate themselves together for the purpose of forming a corporation under this act, for which purpose they shall make, sign and acknowledge, before any officer authorized to take acknowledgment of deeds in this state, a certificate of association, in which shall be stated the name or title of the proposed society, the object for which it is formed, the plan of doing business, clearly and fully defined, the names of the board of officers or man· agers for the first year, and manner of selecting their successors, the limits as to age of applicants for membership, which shall not exceed sixty years," etc.    The section, after specifying other things to be contained in the certificate of association, provides that the certificate of association shall be filed with the insurance superintendent, and concludes as follows:    "If the insurance superintendent shall find, after careful examination, that the objects of organization and plan of doing business are fully and definitely set forth, and are clearly within the provisions of this act, and that the name or title is not the same, or does not so nearly resemble a title in use, as to have a tendency to mislead the public, he shall approve the same, and shall forthwith issue a certificate of organization of the society.    Thereupon said society may proceed to transact business according to the plan of its organization."    The incorporators of appellant filed the certificate of association with the insurance superintendent June 22, 1897, and the superintendent issued to appellant a certificate of organization.    Paragraph

eight of appellant's "certificate of association," filed with the insurance superintendent, is as follows : " 8. No person shall become a member of this corporation who is under eighteen or over fifty-one years of age." At the time Edward J. Steele, deceased, whose beneficiary certificate was sued on by appellees, made application to appellant to be admitted to membership, and when he was so admitted, the following by-laws of appellant were in force :

" Sec. 203. No person shall be admitted to beneficiary membership in a Home Tribunal unless over the age of eighteen and under fifty-one years, and a person of sound health, of good moral character and competent to earn a livelihood.

" Sec. 204. Applicants for beneficiary membership shall make applications for admission under classes designated as A, B, C and D.

" Sec. 308. Every statement made in his application for membership or in his answer to questions asked by the medical examiner shall be deemed warranties of the truth thereof, and, if not true, shall make his certificate void."

February 15, 1898, Edward J. Steele, deceased, applied for membership in Chicago Home Tribunal No. 18, at Chicago, and for benefits, amount $2,000, in Class A. In his application he stated : "I was born on the fourteenth day of August, 1847, in the town of Lowville in Lewis county, and State of New York, and am fifty-one years of age at my nearest birthday." He directed that in case of his death his benefits should be paid to Nettie M. Steele and Daisy C. Steele, the appellees, related to him as children. The application contains the following : " I do hereby warrant the truthfulness of the statements in this application, and consent and agree that any untrue or fraudulent statement made therein, or to the medical examiner, or any concealment of facts by me in this application, or my suspension or expulsion from or voluntarily severing my connection with the order, shall forfeit the rights of myself and my family, or dependents, to all benefits and privileges therein."

It appears from the evidence that a blank form of application, in print, was given to Steele, and that when he re-

turned it to the person who gave it to him, the blanks in the form were filled in writing.

In the medical examination of Steele, deceased, which occurred February 15, 1898, the same day he made his application, he stated his age to be fifty-one years. A benefit certificate of membership was issued to the deceased March 24, 1898, which contains the following, among other things:

"This certificate is issued    *    *    *    upon the condition that the statements made by said member in applying for membership and in answer to the interrogatories of the local medical examiner are true, full and correct in every particular, and that said application and medical examination, together with the rules and regulations of this order now in force or hereafter adopted, be made a part of this contract. In the event of the death of said member while in good standing as aforesaid, this order hereby agrees to pay from the funds above mentioned the sum of two thousand dollars unto the beneficiaries or beneficiary designated by said member."

The evidence is that Edward J. Steele, when he applied for membership in the appellant order, was of the age of sixty years or more, and counsel for appellees admitted on the trial that he was a good deal older than alleged in the pleas. One of the pleas alleges that he was more than fifty-one, another that he was fifty-three, and another that he was fifty-eight years of age, when he made his application. The deceased departed this life September 17, 1900, having paid all dues, assessments and charges owing from him to appellant. The appellees, his beneficiaries, on the refusal of appellant to pay the benefit to them, on the ground that he was not eligible as a member, brought suit. The jury found for appellees and assessed their damages at the sum of $2,226.11. The jury found, in answer to special interrogatories, that the deceased, in his application, intentionally misrepresented his age; that no officer of the Supreme Tribunal of appellant knew that the deceased was more than fifty-one years of age when his beneficiary certificate was granted, but that some officer of Home Tribunal No. 18, having had to do with the collection of dues or

assessments, knew or had reason to believe that deceased was more than fifty-one years old when he made his application. There was evidence tending to prove that J. F. McBride, the authorized supreme deputy for Cook county, Illinois, and Mrs. Maud Breen, who was assistant supreme deputy, working under McBride, knew that the deceased, at the date of his application, was more than fifty one years of age.

JAMES MCCARTNEY, for appellant.

E. F. COMSTOCK and HENRY S. WILCOX, for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The "certificate of association" required by section 7 of the act under which appellant was organized, is analogous to the statement required to be made by section 2 of the act concerning corporations, Rev. Stat. ch. 32, and is the measure and limit of the corporation's powers. If it were otherwise, there would be no limit to the powers of a corporation organized under the act of June 22, 1893, as amended by the act of 1895. Hurd's Stat. 1895, p. 923. In that case the corporation might do anything which an individual might do; but the distinction, as to powers, between an individual and a corporation, is that the former may do anything which is lawful, while the latter can only do what it is expressly authorized to do, or what is necessary to do in order to exercise its expressly granted powers. Its certificate of association, together with the insurance superintendent's certificate of organization, is appellant's charter, and in that charter it is expressly provided that no person shall become a member of the appellant corporation who is under eighteen or over fifty-one years of age. This is a material provision of the charter. The "certificate of association" could not legally have been approved by the superintendent had it not contained a limit as to the age of applicants for membership, because section 7 expressly requires that "the limits as to age of applicants for member-

ship, which shall not exceed sixty years," shall be stated in the "certificate of association." That the statement of some limit was regarded as material by the legislature, is obvious from the provision in the section that the limit "shall not exceed sixty years." Section 7 also provides that, in the certificate of association shall be stated "the name or title of the proposed society, the plan of doing business, clearly and fully defined." Paragraph 4 of the certificate of organization states, " The object for which this corporation is formed is to unite all white persons of good moral character, who are socially acceptable, and, if for beneficiary membership, of sound bodily and mental health, who are between the ages of eighteen and fifty-one years, and whose associations are regarded as not too hazardous." This statement of the object of the proposed corporation is material. Section 7 provides: "If the insurance superintendent shall find, after careful examination, that the objects of organization and plan of doing business are fully and definitely set forth, and are clearly within the provisions of this act * * * he shall approve the same, and shall forthwith issue a certificate of organization of the society. Thereupon said society may proceed to transact business *according to the plan of its organization.*" It is familiar doctrine that a corporation can only exercise such powers as are conferred by its charter, and it should be unnecessary, in this year of our Lord 1904, to say that a corporation cannot do that which it is expressly prohibited from doing by its charter. Here the admission of beneficiary members over fifty-one years of age is expressly prohibited by appellant's charter. Appellees, citing Benefit Ass'n v. Blue, 120 Ill. 121, say that appellant having received the benefits of the contract, is estopped to plead *ultra vires* for a mere abuse of power, and that the statute does not prohibit the insurance of persons over fifty-one years of age, the limit of the statute being sixty years. It is true that under the statute appellant's corporators might have fixed the extreme limit of age at sixty years in the certificate of association. The

statute permits the fixing of such limit at less than sixty years, and the corporators, availing of this permission, fixed it at less than fifty-one years, and this limit is now a part of appellant's charter.    In Norwegian Old People's Home Society v. Wilson, 176 Ill. 94, the question was whether the appellant society could take as a beneficiary by virtue of a benefit certificate issued by the Policemen's Benevolent Association of Chicago.    The object of the latter association was expressed, in its certificate of incorporation, to be :    "To create a fund and provide means for the relief of the distressed, injured, sick or disabled members of the association and their immediate families."    It was contended that under the statute the Old People's Home could take, but the court held not, saying :    "It is no answer to say that the statute of the state, under which the association was organized, was broad enough to permit such society to take.    The incorporators of the association chose to restrict the objects of its benevolence to the immediate family of the member, and the courts must construe the contract as they find it."    The court further say :    " The Policemen's Benevolent Association is an Illinois corporation, which has voluntarily chosen to restrict its benevolence to the immediate families of its members, and we must apply the restrictions found in the statement of the object of the association, as specified in the certificate of incorporation, and not the statute itself, in its broadest scope."    The case of Benefit Association v. Blue, *supra*, is clearly distinguishable from this case, and not only so, but is modified by subsequent decisions.    In that case the court say :    "It will be observed that the contract involved is not absolutely prohibited by statute."    In the present case the contract is absolutely prohibited by appellant's charter. See, also, Canton M. M. B. Society v. Rockhold, 26 Ill. App. 141, 155.

As to the contention of appellees' counsel that the admission of the deceased as a member of the order was a mere abuse of power, it is sufficient to say that to abuse a power the power must exist, and that in the present case

it was non-existent.   In the later decisions, the Supreme Court has clearly distinguished between the mere abuse of a power vested in a corporation, and the entire absence of the power, and held that, in the latter case, an unauthorized act is void, and the corporation is not estopped to plead *ultra vires*.   Nat. Home Bldg. Ass'n v. Bank, 181 Ill. 35; Best Brewing Co. v. Klassen, 185 Ill. 37; Fritze v. Eq. B'g & Loan Society, 186 Ill. 183.   In the case last cited the court say :   " But it is claimed by the appellant that, even though the contract in question may be regarded as one which is *ultra vires*, yet a corporation cannot avail itself of the defense of *ultra vires* when the contract has been in good faith performed by the other party, and the corporation has had the full benefit of such performance. In support of this claim various decisions, heretofore rendered by this court, are referred to and relied upon.   Bradley v. Ballard, 55 Ill. 413; Darst v. Gale, 83 Ill. 136; Benefit Ass'n v. Blue, 120 Ill. 121; Kadish v. Garden City Eq. Loan and Building Ass'n, 151 Ill. 531; McNulta v. Corn Belt Bank, 164 Ill. 427.   A new construction has recently been given to these decisions, which is materially variant from that heretofore put upon them, (National Home Building Ass'n v. Bank, 181 Ill. 35), but which must be regarded as the construction now held by this court. Best Brewing Co. v. Klassen, 185 Ill. 37.   The doctrine, however, that a corporation cannot avail itself of the defense of *ultra vires* when a contract has been in good faith performed by the other party and the corporation has had the full benefit of its performance, was never held to have any application where such contract is immoral or illegal or prohibited by statute, or where its enforcement would be against public policy.   That this is so may be seen by reference to the authorities last above referred to." See, also, Chicago Pneumatic Tool Co. v. H. W. Jones Mfg. Co., 91 Ill. App. 547.

Appellees' counsel further contend that the receipt and retention by appellant of the dues and assessments of the deceased, with knowledge of the falsity of the statements

in the application, operated as a waiver of the right to forfeit the benefit certificate. No question of waiver is presented by the record. When a fraternal association admits a person to membership, having power so to do, and, subsequently, by the action or non-action of such person, the association acquires the right to declare the membership forfeited, a question of waiver may arise; but, when such association, without authority so to do, and being expressly prohibited from so doing by its charter, formally admits to membership one totally ineligible, its action is void; the person formally admitted is not, in legal contemplation, a member of the society; there is nothing for him to forfeit, and, consequently, no right of forfeiture in the society, and no question of waiver can arise.

We think it unnecessary to consider the question of warranty argued by counsel. The alleged contract between Steele, deceased, and appellant being void, there can be no recovery on it.

The judgment will be reversed.

*Reversed.*