114    431
r212s  532

# The Supreme Ruling of the Fraternal Mystic Circle v. Mary E. Wood.

## Gen. No. 11,332.

1.    BENEFIT CERTIFICATE—*when, void.*    A benefit certificate issued to one whose age is beyond that of the insurable limit fixed by the charter of such society, is void and confers no rights.

432    APPELLATE COURTS OF ILLINOIS.

VOL. 114.] Supreme Ruling of Fraternal Mystic Circle v. Wood.

2. WAIVER—*when acceptance of premiums does not operate as.* The acceptance of premiums does not waive the defense that the issuance of the certificate, upon which the premiums were paid, was *ultra vires* and the same void *ab initio.*

Action of assumpsit upon benefit certificate. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1903. Reversed. Opinion filed June 9, 1904. Rehearing denied June 20, 1904.

H. H. C. MILLER, for appellant.

BLACK & BLACK, for appellee; JOHN D. BLACK, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

This appeal is from a judgment rendered by the Superior Court for $556.10 and costs against appellant in favor of appellee, in a suit on a policy of insurance or certificate of membership issued by The Order of Protectors, a New Jersey corporation, (all its obligations thereon being assumed by appellant) to Joseph H. Wood, naming appellee as beneficiary, the trial being before the court without a jury. The hearing was on an agreed statement of facts. The controlling question presented is as to the power of The Order of Protectors to make the said contract, which was made March 19, 1898.

Joseph H. Wood in his application to become a member of said order, which is dated March 19, 1898, among other things, stated that he " was fifty-nine years of age at his nearest birthday, and was born June 3, 1838;" that he would conform to the laws of the order, and that this application, said laws and the certificate of membership issued to him should constitute the contract between said order, himself and his beneficiaries. The corporation by its charter had power only to receive persons for " beneficial membership of such ages as limited or named by the National Council."

The constitution and by-laws of the National Council of the order in force when the contract was made, provide that beneficial membership shall not be granted to " any one who is younger than eighteen years or older than fifty-nine years of age at nearest birthday at date of initiation."

It is conceded by appellee's counsel that when Joseph H. Wood stated that he was born June 3, 1838, he "answered explicitly and truthfully." Therefore there is no question but at the time the application and contract were made Mr. Wood's age, instead of being fifty-nine years at his nearest birthday, was sixty years, and consequently beyond the limit of age at which The Order of Protectors could, by its charter, constitution and by-laws, insure. Thus there was an absolute want of power, under the organic law of the corporation, limited as it was by its constitution and by-laws, to issue a policy or certificate of insurance to Mr. Wood. He and his beneficiary, the appellee, were charged with a knowledge of this limitation upon the power of the corporation to make the contract in question. Bacon on Benefit Societies, sec. 244; Alexander v. Parker, 144 Ill. 355; Norwegian, etc. Society v. Wilson, 176 Ill. 94; National, etc. Assn. v. Bank, 181 Ill. 44; Wheeler v. Bank, 188 Ill. 38; Grimme v. Grimme, 198 Ill. 265; Chicago, etc. Co. v. Jones Mfg. Co., 91 Ill. App. 547–50; Fraternal Tribunes v. Steele, *ante*, p. 194, and cases cited; McCoy v. Ins. Co., 152 Mass. 272.

In the cases of National, etc., Ass'n and Wheeler, *supra*, the Supreme Court very fully and carefully considered the question of the validity of corporate contracts beyond the charter powers of the corporation, reviewing numerous cases, and in effect holds that all contracts made by a corporation beyond the scope of its charter powers are "unlawful and void, and no action can be maintained upon them in the courts." In the former case the court say: "It would be contradictory to say that a contract is void for an absolute want of power to make it, and yet it may become legal and valid as a contract, by way of estoppel, through some act of the party under such incapacity or some act of the other party chargeable by law with notice of the want of power. * * * A party dealing with a corporation having limited and delegated powers conferred by law is chargeable with notice of them and their limitations, and cannot plead ignorance in avoidance of the defense." In

the latter case the court say, in speaking of the validity of a corporate contract which was in question, " Its charter is the measure of its powers, and all power not expressed or fairly to be implied is denied to it," and held that a commercial corporation had no power to pledge its property for the payment of an individual debt of a third person, in which it had no interest, and for which it was in no wise responsible; that such an undertaking was *ultra vires*, void and incapable of ratification.

In the Grimme case, *supra*, a like ruling in principle was made, and it was held that where a benefit association was, by its charter, limited to a certain class of persons, who could be named as beneficiaries by its members, the designation of any one as beneficiary who did not fall within that class was inoperative.   To the same effect is the Wilson case, *supra*.

In the Steele case, *supra*, we held that a certificate of insurance of a benefit association issued to a person beyond the age at which the association was empowered by its charter to insure, was void and could not be the basis of any recovery by the beneficiary named in it.   The principle of that decision is controlling in this case.

It is, however, claimed by the learned counsel of the appellee that the . corporation, having knowledge that Joseph H. Wood was beyond the age of fifty-nine years at his nearest birthday when the contract was made, and the officers of its subordinate lodge acting as appellant's agents having accepted payments from and levied assessments upon Mr. Wood, and having recognized him as a full member, waived all question of its liability. Reliance in this regard is placed upon the cases of Benefit Association v. Blue, 120 Ill. 121-8, National, etc., Association v. Bank, *supra*, and especially upon the case of Coverdale v. Royal Arcanum, 193 Ill. 91-100.   The Blue case, in so far as may be claimed to support the appellee's contention, must yield to the later expressions of the Supreme Court, in the different cases to which we have referred, including the case of National, etc., Association, *supra*, in

which the Supreme Court, in substance, held that a contract beyond the power of a corporation to make is void, and in such case there could be no estoppel of the corporation from raising the defense of *ultra vires*.

In the Coverdale case there was no question of a want of power in the charter of the corporation to make the contract, and for that reason, we think, the case has no application.

Other questions discussed by counsel need not be referred to because the lack of power in The Order of Protectors to enter into the alleged contract renders it wholly void, and it could furnish no basis for a recovery. The judgment of the Superior Court is therefore reversed.

*Reversed.*