DETERMINED IN THE \

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1919.

---

Fanny Lacy Hawley, Executrix, Appellee, v. Aetna Life Insurance Company of Hartford, Connecticut, et al., on appeal of Frank C. Crittenden, Appellant.

### Gen. No. 24,494.

1. INSURANCE, § 69*—*right of person to insure life for benefit of one without insurable interest therein.* It is the settled law of this State that one may insure his own life for the benefit of another having no insurable interest therein.

2. INSURANCE, § 172*—*when assignment of life policy to one without insurable interest will be valid.* The assignment in good faith of a life insurance policy, valid in its inception, to one not having an insurable interest in the life of the insured, and who assumed the payment of future premiums, was valid.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded with directions. Opinion filed June 10, 1919.

JOHN M. CURRAN, for appellant; HERMAN W. STILLMAN, of counsel.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM G. WISE and WORTH E. CAYLOR, for appellee.

MR. PRESIDING JUSTICE McDONALD delivered the opinion of the court.

This is an appeal from a decree setting aside the assignment of a life insurance policy made by the insured to one who had no insurable interest in the life of the assignor and where the assignee assumed the payment of future premiums thereon.

On June 30, 1893, one George F. Hawley, a physician residing in Chicago, took out a policy of insurance on his own life in the Aetna Life Insurance Company for $10,000, in which his wife was named as beneficiary. On January 4, 1900, the insured's said wife having previously died, his daughter was named as beneficiary under the policy. On June 14, 1912, the insured again changed the beneficiary in the policy from his daughter, who had then married, to his executors, administrators and assigns. On June 22, 1912, the policy was duly assigned by the insured to one Frank C. Crittenden, who had no insurable interest in the policyholder's life, for the sum of $2,500, and said assignee assumed the payment of future premiums thereon.

From the time the policy was issued to the date of the assignment thereof, a period of about 19 years, the annual premiums were paid by the insured. Thereafter they were paid by the assignee, who notified the company of the assignment to him of the policy.

On April 16, 1917, the insured died, whereupon the assignee filed proof of death with the company and demanded payment of the amount due under the policy. About one year prior to the date of the assignment in question, the insured again married and his widow, as executrix of his last will, filed a bill to set aside said assignment, alleging that said assignee had

no insurable interest in the life of the insured; that the assignment was procured by the assignee for the purpose of speculating and wagering on the policy-holder's life and that the assignment was contrary to law and against the public policy of this state.

The insurance company was also made a party defendant to the suit, and by its answer admitted its liability on the policy. By stipulation of the parties, its answer was treated as a bill of interpleader and the $10,000 due under the policy was paid to a trustee designated by the court.

The assignee also answered taking issue on the allegations of the bill and the cause proceeded to a hearing, of the conclusion of which the learned chancellor entered a decree setting aside the aforesaid assignment on the ground that it was a wagering contract on the life of the insured and against the public policy of the State of Illinois, and directed that the proceeds of the policy be paid to said executrix less the amount paid for the assignment thereof and subsequent premiums thereon, with interest in same, which latter sums were ordered to be paid to said assignee.

It appears from the record that the policy was procured by the policyholder in good faith, who personally paid the premiums thereon for upwards of 19 years, amounting in the aggregate to the sum of about $6,000; that at the time of the assignment thereof the policy had a cash surrender value of approximately $2,000, and that the assignment was also made in good faith, free from fraud or deceit.

The controlling question here presented for determination is the right of the holder of a life insurance policy, valid at its inception, to sell and assign the same to one having no insurable interest in the policyholder's life where the assignee assumes the payment of future premiums thereon.

It has been uniformly held that one having no insurable interest in the life of another cannot procure

a policy of insurance on such life, and a policy so procured is void at its inception. It is also the settled law of the State that one may insure his own life for the benefit of another having no insurable interest therein. *Bloomington Mut. Benefit Ass'n v. Blue,* 120 Ill. 121; *Johnson v. Van Epps,* 110 Ill. 551. The right to assign a policy, valid at its inception, to one having no insurable interest in the life insured has also been upheld. *Martin v. Stubbings,* 126 Ill. 387; *Delaney v. Delaney,* 175 Ill. 187; *Moore v. Chicago Guaranty Fund Life Society,* 178 Ill. 202. And while the authorities passing upon the right to make such an assignment, where the assignee assumes the payment of future premiums, are not in harmony, yet from a careful examination of them we conclude that the weight of authority and reason favors the holding that such an assignment is valid.

A life insurance policy is but a chose in action for the payment of money, in which the interest of the insured is to be as fully protected as that of the beneficiary. To hold that the policy cannot be lawfully assigned to one not having an insurable interest in the life of the insured, and who assumes the payment of future premiums thereon, would tend to lessen its value and to prevent the policyholder from realizing thereon at a time of life perhaps when his needs were most pressing and his ability to supply them greatly impaired. In our opinion this holding does not violate any rule of law or principle of public policy. In this view of the case it becomes unnecessary to pass upon the other questions here presented, and the decree will therefore be reversed and the cause remanded with directions to dismiss the bill for want of equity and to enter a decree for appellant Crittenden on his cross-bill.

*Reversed and remanded with directions.*