## Dennis McMahon, Appellant, v. Joseph B. Feldman, Executor, et al., Appellees.

### Gen. No. 4,924.

INSURANCE—*act of June 22, 1893, entitled "an act to incorporate companies to do business of life or accident insurance on the assessment plan," construed.* A policy issued by a company organized under the act of June 22, 1893, entitled "An act to incorporate companies to do the business of life or accident insurance on the assessment plan," may be made payable to the estate of the insured and may be transferred by the insured by a will to a beneficiary having an insurable interest in the life of the insured.

Bill of interpleader. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

**Statement by the Court.** The Peoria Life Association is a corporation organized and doing business under "An act to incorporate companies to do business of life or accident insurance on the assessment plan," approved June 22, 1893. On August 15, 1902, the association issued its policy No. 724 on the "ordinary life plan" to John J. Mc-Mahon in the sum of $500 on his life, payable within ninety days after the receipt of proof of death of John J. McMahon, the insured; "such payment to be made to *estate* herein called the beneficiary; or if the insured survive the aforesaid beneficiary then to the administrator, executor or assigns of the insured." The insured was an unmarried man, and paid all the premiums which accrued up to the time of his death. On May 7, 1904, the insured executed a last will, by which he bequeathed all his estate, including policy No. 724, for $500, in the Peoria Life Association, payable to his estate, to Joseph B. Feldman. The insured died on May 7, 1904. He was at that time a resident of Salt Lake City, Utah. The will was admitted to probate in Salt Lake county, Utah, and letters testamentary were issued to Joseph B. Feldman, who made proof of death of the insured and claims the amount of

the policy as executor and legatee. The amount payable on the policy is also claimed by both Frank T. Miller, public administrator of the county of Peoria, Illinois, and by Dennis McMahon, the brother and only surviving heir of the deceased. The association filed a bill of interpleader in the Circuit Court of Peoria county, setting up the facts, and brought the money into court, made all the claimants parties, and prayed that they might interplead and that the court might decree to whom the money should be paid. The defendants answered, and the court upon a hearing decreed that the money be paid to Joseph B. Feldman, as executor, with the limitation that it should not be used to pay debts of the deceased. Dennis McMahon prosecutes this appeal from that decree, but does not question the correctness of the limitation concerning the use of the money.

SUCHER & WILHELM, for appellant.

CHARLES SCHAEFER and WM. A. POTTS, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The appellant, Dennis McMahon, assigns a number of errors, but the only question involved is whether a policy issued by a corporation incorporated under the act of June 22, 1893 (Hurd's Statutes 1905, page 1214), entitled "An act to incorporate companies to do the business of life or accident insurance on the assessment plan," may be made payable to the estate of the insured, and may be transferred by the insured by a will to a legatee, or may policies issued by companies chartered under said act only be payable either to the families, heirs, blood relations or dependents of the deceased, no matter who may be the beneficiary therein named. The only limitation in this act regarding the proceeds is that contained in section 25, which provides that the money paid by any corporation doing business under this act shall not be liable to be taken by legal process to pay any liability of the policy holder or beneficiary. The act nowhere provides that the beneficiary, or the insured, if

his estate be the beneficiary, may not voluntarily direct what use shall be made of the proceeds. Section 7 of this act provides that nothing contained in this act shall be applicable to organizations conducting their business as fraternal societies on the lodge system. An act entitled, "An act to provide for the organization and management of fraternal beneficiary societies for the purpose of furnishing life indemnity or pecuniary benefits to beneficiaries of deceased members," etc. (Hurd's Statutes of 1905, page 1222), was passed at the same time with the act under which the Peoria Life Association was organized. The "Fraternal Benefit Societies" Act contains a provision that death benefits thereunder "shall only be paid to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member," and that such benefits shall not be willed, assigned or otherwise transferred to any other person. The two acts are distinct; policies issued by a company incorporated under either of these acts are not controlled by the provision of the other act, and decisions construing the effect of policies under one act are no authority as to the construction of policies under the other.

The policy involved in this case is an ordinary life insurance policy payable to the estate of the insured. The insured had an insurable interest in his own life and had the right to procure a policy and have it payable to his estate or to any one whom he might appoint by will or any other mode. Bloomington Mutual Benefit Association v. Blue, 120 Ill., 121; Martin v. Stubbings, 126 Ill., 387; Delaney v. Delaney, 175 Ill., 187; Underhill on Wills, section 56. The charter of the Peoria Life Association authorized it to transact "life insurance upon the assessment plan, thereby affording financial benefits and assistance to its policy holders during their lives, and after their death to their widows, orphans, heirs, devisees, assigns or other beneficiaries, who may have an insurable interest in the life of the insured." The only statutory limitation on the proceeds of the policy is that it cannot be taken by operation of law for debts of the insured, but he might so apply it if he saw fit, and the char-

ter authorizes it to be paid to devisees or assigns. It is insisted that appellant, Dennis McMahon, because he was the only brother of the insured, had an insurable interest in the life of the insured, and that the proceeds could only be payable to him. If the association was doing business under the fraternal beneficiary act there would be reason in that contention. There is nothing in the record showing that the appellant had any insurable interest in his brother's life. Guardian M. L. Insurance Co. v. Hogan, 80 Ill., 35; Chicago Guarantee F. L. Society v. Dyon, 79 Ill. App., 100. An insurable interest is a pecuniary one in the continuance of the life of the insured. The proof shows that the deceased was affianced to Mrs. B. Bateman; that fact would negative any presumption of an insurable interest in the appellant. Even a fraternal insurance policy is not assignable at law, still all beneficial interest may therein be transferred and equitable rights thereunder enforced in equity. Ptacek v. Pisa, 231 Ill., 522, and cases cited. The decree properly ordered the money paid to the devisee as directed by the will of the insured and it is affirmed.

*Affirmed.*