Dresen v. Metropolitan Life Ins. Co., 195 Ill. App. 292.

# John Dresen, Defendant in Error, v. Metropolitan Life Insurance Company, Plaintiff in Error.

## Gen. No. 20,464.

1. INSURANCE, § 84*—*when lack of insurable interest avoids life policy.* A policy of life insurance naming as beneficiary a person who has no insurable interest in the life of the insured is a wager policy and void.

2. INSURANCE, § 84*—*when taking out policy and payment of premium by insured does not cure lack of insurable interest.* The fact that the insured took out the policy in the first instance and paid the first premium before delivering the policy to the beneficiary does not validate a life policy naming as beneficiary one having no insurable interest.

3. INSURANCE, § 332*—*when notice to agent does not validate life policy naming beneficiary having no insurable interest.* Notice by a beneficiary of a life policy to the collecting agent of the insurer that he is neither a cousin nor next of kin to the insured is not a waiver by the insurer of the beneficiary's lack of interest, though he is designated in the policy as cousin of the insured.

4. INSURANCE, § 84*—*when statement in application insufficient to create insurable interest.* The statement by the insured, in an application for insurance, that the reason for naming the beneficiary is because he contributes to her support and will care for her in case of her death is insufficient to create an insurable interest.

5. INSURANCE, § 84*—*when moral claim insufficient to constitute insurable interest.* A moral claim of the insured in a life policy upon the beneficiary named therein for support during her lifetime does not constitute an insurable interest.

6. INSURANCE, § 159*—*when beneficiary without insurable interest not entitled to premiums.* One named a beneficiary in a life insurance policy who had no insurable interest in the insured is not entitled to receive back premiums paid by him, such payments being considered as made as agent and being due to the estate of the insured, if returned.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed November 1, 1915.

HOYNE, O'CONNOR & IRWIN, for plaintiff in error; CARL J. APPELL, of counsel.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. W. FULTON and ALBERT SCHAFFNER, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Annie Kasen in her lifetime took out a policy of insurance upon her life for $210 in the defendant company and named therein as the beneficiary the plaintiff, who was designated in the policy as bearing towards her the relationship of cousin. Annie Kasen paid the first three premiums, the remaining premiums being paid by plaintiff, to whom the policy was delivered by the insured. Annie Kasen died in November, 1913. Plaintiff, having made proofs of the death of the insured and delivered the same to the defendant company, and payment of the amount of the insurance being upon demand refused, brought this suit. The trial was before the court and jury, resulting in a verdict and judgment in favor of plaintiff and against defendant for the amount of the policy. Motions by defendant for a new trial and in arrest of judgment being overruled, it prosecutes this writ of error to reverse the judgment.

While several reasons are argued by defendant why the judgment should be reversed, we shall dispose of the case upon the one fact that plaintiff had no insurable interest in the life of the insured, which fact makes the policy void as a "wager contract" and therefore against public policy.

Plaintiff admitted on the trial that he was not a cousin of the insured or any other blood relation of hers. Nor does it appear that he was a creditor of the insured or that he sustained any other relationship to her which, under the law, would give him an insurable interest in her life. The fact that the insured took out the policy in the first instance and paid the first premium before delivering the policy to plaintiff does not change the situation. The fact that plaintiff paid

substantially all the premiums from the time the policy was issued, and had the policy in his actual possession from about the date of its issue, may be said to demonstrate that he indirectly procured the policy to issue upon the life of the insured for his benefit. The fact that plaintiff informed the collecting agent of defendant, when premiums were paid by him, that he was neither a cousin nor of kin to the insured, cannot be held as a waiver by defendant of the lack of an insurable interest of plaintiff in the life of the insured. Even the solemn agreement of the parties to that effect could not override the public policy of the State which the transaction involves. By that public policy, the lack of an insurable interest of the beneficiary in the life of the insured makes the policy void. The insured in her application for the policy stated as a reason for naming plaintiff as her beneficiary, "because my cousin, John Dresen, contributes to my support and would care for me in case of my death." Even if this statement were true, it would be unavailing to create an insurable interest of plaintiff in the life of the insured, because whatever he did or might do in the way of caring for the insured, either in her lifetime or after her death, would be voluntary and could not by law be compelled, she being neither of kin to nor legally dependent upon plaintiff. Had the insured a moral claim upon plaintiff for support in her lifetime, this would not constitute an insurable interest in her life in favor of plaintiff. A policy of life insurance naming as beneficiary a person who has no insurable interest in the life of the insured is a wager policy and void. *Guardian Mut. Life Ins. Co. of New York v. Hogan*, 80 Ill. 35; *Golden Rule v. People*, 118 Ill. 492; *Brockway v. Mutual Benefit Life Ins. Co.*, 9 Fed. 249

While premiums paid upon the policy were tendered by defendant to plaintiff and refused by him, we are unable to say that, under the circumstances shown in this record, plaintiff was entitled to receive such

premiums, as, in paying them, he must be regarded as having acted for the insured. Consequently, if these premiums are due from defendant to any one, they are due to the estate of the insured, for in the circumstances of this case there is no privity of contract between the plaintiff and the defendant.

The trial judge erred in not instructing the jury, at the close of plaintiff's case, to find a verdict for defendant, the proof showing that plaintiff had no cause of action upon the policy in question against the defendant. For this reason the judgment of the Municipal Court is reversed and, as there can be no recovery, the cause is not remanded.

*Reversed.*