FOURTH DISTRICT—OCTOBER, 1917.    555

Bruce et al. v. Illinois Bankers Life Association, 207 Ill. App. 555.

## Robert A. Bruce, William F. Bruce and Charles H. Bruce, Appellees, v. Illinois Bankers Life Association, Appellant.

1. INSURANCE, § 84*—*when insurable interest is question of fact.* It is a question of fact whether a person has an insurable interest in the life of another.

2. INSURANCE, § 69*—*when life policy is invalid as wagering contract.* It is the policy of the law that all policies of insurance procured by persons on the lives of others in whom they have no insurable interest are to be construed as wagering contracts and void as against public policy.

3. INSURANCE—*when insured may substitute as beneficiaries persons having no insurable interest.* Section 9 of the Act of July 22, 1893 (J. & A. ¶ 6557), providing that "No corporation doing business of life insurance under this act shall issue a certificate or policy upon * * * a life in which the beneficiary named has no insurable interest. Any assignment of the policy or certificate to persons having no insurable interest in the insured life shall render such policy or certificate void," construed with section 24 of that Act (J. & A. ¶ 6572), providing that memberships in any such corporation shall give to any member thereof the right, at any time, with the consent of such corporation, to make a change in the payee or payees, or beneficiary or beneficiaries without requiring the consent of such payee or beneficiary, and *held* that no limitation was placed on a change of beneficiaries by a person who had in good faith procured insurance on his own life, even though the substituted beneficiaries might not have an insurable interest in the life of the insured.

4. INSURANCE, § 84*—*when evidence tends to show insurable interest of nephews in life of insured.* Where the nephews of the insured in a life insurance policy advanced to him certain money to enable him to keep the policy in force and to support himself, in consideration of being made the beneficiaries of the policy, and the insured accordingly, at his own instance, made a change of beneficiaries and named them as such, long after the policy had been issued to him, *held* that such evidence and the relationship of the nephews tended to show they had an insurable interest in the life of the insured, and that the naming of them as beneficiaries was not void as against public policy.

5. INSURANCE—*when mental capacity of insured at time of making change of beneficiaries should be submitted to the jury.* Where a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

change of beneficiaries of a life insurance policy made by the insured was not null and void as against public policy, *held* that the question of the insured's mental capacity at the time of making the change should have been submitted to the jury, in an action brought by the original beneficiaries upon the policy.

Appeal from the Circuit Court of Hamilton county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed October 24, 1917.

S. S. HALLAM and PEARCE & CONGER, for appellant.

J. H. LANE and H. ANDERSON, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

On November 28, 1912, appellant, the Illinois Bankers Life Association, issued to Albert N. Bruce its certificate or policy of insurance in the sum of $2,000, in which policy or certificate appellees, the three sons of the insured, were named as beneficiaries. In July, 1913, the assured with the consent of appellant changed the beneficiaries in said certificate or policy from appellees, his sons, to B. L. Bruce and W. A. Bruce, Jr., his nephews. The assured died on May 3, 1914, and the record discloses that settlement was made by appellant with said last-named beneficiaries.

Appellees made proofs of death and payment being refused an action in assumpsit was brought against appellant in the Circuit Court of Hamilton county to recover on said certificate or policy.

The declaration consists of one special count and the common counts, the special count being the ordinary count on a certificate or policy of insurance. To this declaration appellant filed a plea of the general issue and four special pleas. The first special plea alleges the change of beneficiaries with consent of appellant to B. L. Bruce and W. A. Bruce, Jr. The second special

plea sets forth certain statements and answers made by the assured in the application for said policy of insurance relative to his health, etc., which said statements and answers said plea avers were warranties and that they were untrue and rendered said certificate or policy null and void. The third special plea alleges that appellees failed to give notice and make proofs of claim as provided by law. Special plea No. 4 alleges that for a good and valuable consideration B. L. Bruce and W. A. Bruce, Jr. purchased the certificate sued on and paid all premiums thereon and alleges that appellees "had no interest in the result of the policy."

Various replications and rejoinders were filed, which, without going into a discussion of them in detail, raised the following issues: First, as to whether or not the change of beneficiaries in said certificate or policy was valid; second, as to whether or not the insured at the time of said purported change of beneficiaries was of sufficient mental capacity to transact ordinary business; third, as to whether the insured had made statements with reference to his health, etc., which were warranties and, if so made, as to whether the statements or warranties were untrue; fourth, as to whether proper proofs of claim had been made by appellees.

A trial was had and at the close of all the evidence on motion of appellees the court directed a verdict in their favor for $2,223, being the amount of the face of the policy, with interest thereon at five per cent. from the death of the insured. Judgment was rendered against appellant for said amount and costs. To reverse said judgment this appeal is prosecuted.

The only questions discussed by the parties to this proceeding are with reference to the validity of the purported change of beneficiaries in said policy and

the question of mental capacity of the assured at the time of the purported assignment.

Appellant was organized under the provisions of an act entitled "An act to incorporate companies to do the business of life or accident insurance on the assessment plan, etc.," passed July 22, 1893, in force July 1, 1893. Section 9 of this Statute (J. & A. ¶ 6557) provides that: "No corporation doing business of life insurance under this act shall issue a certificate or policy upon the life of any person more than sixty-five years of age, except in case of transfer of policy holders as provided herein, nor upon a life in which the beneficiary named has no insurable interest. Any assignment of the policy or certificate to persons having no insurable interest in the insured life shall render such policy or certificate void." It is the contention of appellees that the nephews of said insured by virtue of the provisions of said section were prohibited from becoming beneficiaries, for the alleged reason that they had no insurable interest in the life of the insured, and that they alone as the original beneficiaries in said certificate or policy would have such right of recovery.

Section 9 of said Statute, so far as we have been able to ascertain, has never been construed by the Supreme or Appellate Courts of this State where a question of the character here raised was involved. In this State the law seems to be pretty well settled that it is a question of fact as to whether a person has an insurable interest in the life of another. *Guardian Mut. Life Ins. Co. v. Hogan*, 80 Ill. 35; *Cisna v. Sheibley*, 88 Ill. App. 385; *Dresen v. Metropolitan Life Ins. Co.*, 195 Ill. App. 292. It has even been held that it does not necessarily follow that a son has an insurable interest in the life of his father, and whether he has such interest or not depends on the facts and circumstances growing out of the particular case. *Guardian Mut. Life Ins. Co. v. Hogan, supra.*

It has been the policy of the law generally, and particularly of this State, that all policies of insurance procured by persons on the lives of others in whom they have no insurable interest are to be construed as wagering contracts and void as against public policy. *Guardian Mut. Life Ins. Co. v. Hogan, supra; Dresen v. Metropolitan Life Ins. Co., supra; Cisna v. Sheibley, supra; Ruse v. Mutual Ben. Life Ins. Co.,* 23 N. Y. 516.

Section 9 must be construed in connection with the remainder of said statute, and particularly with section 24. Section 24 (J. & A. ¶ 6572) provides that: "Memberships in any such corporation shall give to any member thereof the right, at any time, with the consent of such corporation, to make a change in this [the] payee or payees, or beneficiary or beneficiaries without requiring the consent of such payee or beneficiaries." The certificate or policy in question was not taken out by appellees, the original beneficiaries, nor by the nephews of said deceased, the substituted beneficiaries, but was taken out by the assured himself, and under the express language of the statute he had the absolute right to change the beneficiary or beneficiaries in said certificate or policy at any time by obtaining consent of appellant company, and this without the consent of appellees, the original beneficiaries. This statute nowhere provides any limitation on the persons who may be beneficiaries in the policy or certificate to be issued by the insurance corporation organized under the same, except so far as the same may be limited by said section 9. We think also that in construing said section 9, it should be construed in the light of the holding of the Supreme and Appellate Courts prior to the passage of said act. By an examination of those cases it will be ascertained that there is a clear distinction between those who may be named as beneficiaries in the policy or certificate of insurance taken out by the assured on his own life and policies or

certificates of insurance that may be taken out by third persons on the life of another.

When the assured takes out a policy or certificate on his own life it has been the policy of the law of this State to allow him to name as beneficiaries any person or persons that he may see fit, unless limited to a class or classes specifically named in the statute or in the charter of incorporation. *Bloomington Mut. Ben. Ass'n v. Blue,* 120 Ill. 121; *Guardian Mut. Life Ins. Co. v. Hogan, supra; Martin v. Stubbings,* 126 Ill. 387; *McMahon v. Feldman,* 139 Ill. App. 624; *Delaney v. Delaney,* 175 Ill. 187; *Moore v. Chicago Guaranty Fund Life Society,* 178 Ill. 207; *Connecticut Mut. Life Ins. Co. v. Schaefer,* 94 U. S. 457.

The authorities in this State are also to the effect that the beneficiary named by the assured, who takes out a policy on his own life, need not have an insurable interest in the life of the assured. *Bloomington Mut. Ben. Ass'n v. Blue, supra; Martin v. Stubbings, supra; Connecticut Mut. Life Ins. Co. v. Schaefer, supra.*

In view of the policy of the courts of this State to allow the assured who has in good faith taken out a policy of insurance on his own life to name the beneficiaries, without restriction, except where restricted by statute or the charter or by-laws of the insurance company or association, and in view of the provisions of said section 24 above referred to, we hold that said section 9 was not intended to limit a change of beneficiaries by a person who had in good faith procured insurance on his own life, even though the substituted beneficiaries might not have an insurable interest in the life of the assured.

In section 24 a change of beneficiaries is referred to, while in section 9 an assignment is referred to. The assured, therefore, had the undoubted right to name his nephews as beneficiaries under the policy or certificate in question.

The Supreme Court in discussing the right of a beneficiary under a policy issued by a corporation organized under the same act appellant was organized under, in *McMahon v. Feldman, supra,* at page 626 says: "The policy involved in this case is an ordinary life insurance policy payable to the estate of the insured. The insured had an insurable interest in his own life and had the right to procure a policy and have it payable to his estate or to any one whom he might appoint by will or any other mode," citing, *Bloomington Mut. Ben. Ass'n v. Blue,* 120 Ill. 121; *Martin v. Stubbings,* 126 Ill. 387; *Delaney v. Delaney,* 175 Ill. 187; Underhill on Wills, section 56.

We are also of the opinion that the evidence in the record tended to show that the nephews of the assured, by virtue of their relationship to him in connection with the facts surrounding the transaction, had an insurable interest in the life of the assured. The evidence tended to show that the insured was without property; without a home; without the necessary funds to care for himself, and to keep up the assessments on the policy in question; that he was anxious to procure funds for his own support and to pay the assessments on the policy for the reason, among others, that the policy contained a total disability clause in which the said assured had a direct interest; that after repeated solicitation on the part of the insured, the nephews agreed to pay or advance to the assured $300 if they were named as beneficiaries. This change of beneficiaries was made at the instance of the insured for his own pecuniary benefit and in order to gain funds with which to support himself and to pay the assessments on the policy or certificate. The naming of his nephews as beneficiaries by the assured was not against public policy, as the record discloses the policy had been taken out by the assured, long prior to the change in beneficiaries, and without said nephews having had anything to do with the original issuance of said policy.

On the remaining question, as to whether the court should have submitted the question of the mental capacity of the assured to transact ordinary business at the time of the change made by him in the beneficiaries in his policy, it is only necessary for us to say that, in view of our holding that the change of beneficiaries by said assured was not null and void, the question of the mental capacity of the assured should have been submitted to the jury for their determination.

For the reasons above set forth, the judgment of the trial court is reversed and said cause will be remanded.

*Reversed and remanded.*