276

Della Foreman, Appellee, v. Great United Mutual Bene-
fit Association, Appellant.

Opinion filed November 8, 1939.

JUNE C. SMITH and HUGH V. MURRAY, JR., both of
Centralia, WILLIAM C. STEPHENS and CHARLES T. FLOTA,
of Harrisburg, for appellant.

C. E. SOWARD, of Elizabethtown, and B. F. ANDERSON,
of Golconda, for appellee.

Mr. Justice Culbertson delivered the opinion of the court.

The Great United Mutual Benefit Association appealed from a judgment in favor of Della Foreman, in the sum of $1,087.50, entered in the circuit court of Pope county in an action to recover benefits under a certificate of membership in appellant, which is a mutual benefit association, organized under the laws of the State of Illinois. The certificate was issued in the face amount of $1,000, on March 5, 1935. Callie Letha Hise was named in the certificate as the member to whom the certificate was issued, and Della Foreman, the appellee, was the beneficiary named in the certificate. Jury trial was waived, and the case was tried before the circuit court.

The evidence was that Callie Letha Hise, in whose name the certificate was issued, was, at the time of the issuance of the certificate, afflicted with tuberculosis, from which she had suffered for several years, and that she had been bedfast most of the time for a period of two years before her death, which occurred on October 23, 1936, approximately eighteen months after the certificate was issued. Proof of loss was thereafter made by the beneficiary to the appellant company, but payment thereof was refused, and the premiums which had been paid by the appellee beneficiary while the certificate was in force, were tendered to the appellee in form of a check in the sum of $24.50, which was transmitted to her under date of December 29, 1937, after the action on the policy had been instituted.

The membership certificate, upon which judgment was entered, was in the usual form of policies of such character, and contained standard conditions found in such policies, that the applicant must be in good health, and that the association assumes no liability under the certificate until the certificate is delivered to the member during her lifetime and while she is in good health.

The policy contained a one-year incontestability clause, which was in the following form: "After this certificate has been in continuous force for one year from date of issue or from date of last reinstatement, it shall be incontestable if the assessments have been duly paid, except as to the limitations as to suicide. . . ."

The evidence likewise disclosed that Callie Letha Hise, in whose name the certificate was issued, never personally made application or did anything toward obtaining membership in the appellant association. The application was made in her name by appellee, and appellee testified that about six months before she made the application she talked with Mrs. Hise, and she disclosed the conversation as follows: "I talked to Mrs. Hise before this policy was taken out. She came to my house and stayed all night and I asked her if she cared if I'd take out insurance on her and she said no, it wouldn't make her die, or it wouldn't make her die any quicker. About six months later I took out the insurance on her. I never had any talk about it with her at that time, but she knew I was going to take it, because I talked about it with her before." There is no evidence that the beneficiary, or anyone else, thereafter advised Mrs. Hise of the issuance of the policy, or that the beneficiary or anyone else had any further conversation with or authorization of any kind from her, other than indicated in her recital as to her conversation with Mrs. Hise as hereinabove stated. The policy was delivered to the beneficiary and remained in her possession. The beneficiary paid the premiums. She likewise testified that she had no knowledge that Mrs. Hise was afflicted with tuberculosis at the time the policy was issued.

Appellant association relies for reversal upon the contentions that: (1) Appellee had no insurable interest in Callie Letha Hise; (2) That the deceased never became a member of appellant association; and, (3)

That the certificate, upon which judgment was entered, never became effective.

Appellee, although apparently conceding the lack of insurable interest in the sense contended for by the appellant association, contends that the deceased member had an insurable interest in her own life and could take out insurance in favor of her cousin, the appellee. On principle, this court must agree that such contention is well founded, and that if the certificate were otherwise properly issued, the appellee could be made a beneficiary of such certificate. The appellee comes within the class made eligible to receive benefits by virtue of the fact that she was a cousin of the deceased and capable of inheriting under the statutes of descent of the State of Illinois. The appellant, as a mutual benefit association organized under the laws of the State of Illinois, had the right to issue a benefit certificate on the life of the deceased in favor of her cousin (*Will Co. Nat. Bank of Joliet v. Champaign Co. Mutual Relief Ass'n,* 259 Ill. App. 201).

The contention of appellant association that the certificate never became effective because of the poor health of the insured, and because it was not delivered to her in good health, is, on principle, untenable in view of the one-year incontestability clause and the fact that the certificate was in force for a period of more than 18 months prior to the death of the insured. It has long been an established rule that a clause making an insurance policy incontestable after one year, except for nonpayment of premiums, is valid, and bars a defense of fraud in procuring the policy, said clause being in the nature of an agreed limitation of the time within which a defense of fraud may be made (*Ramsey v. Old Colony Life Ins. Co.,* 297 Ill. 592). It has been adequately stated that where the incontestability clause becomes operative through expiration of time, a defendant may set up only such defenses as are reserved

in the policy, or such as are allowed on the ground of public policy (*Powell v. Mutual Life Ins. Co.,* 313 Ill. 161, 165). The one-year incontestability clause in the instant case would, therefore, bar the defenses interposed with relation to the health of the deceased.

The instant case, under the facts, however, raises a more fundamental problem, which is best understood when considered in the light of the contention of the appellee, and the conclusion of the court below, and in connection with the case of *Gray v. North America Mut. Union,* 249 Ill. App. 74. The basis of the decision of the circuit court of Pope county and of the contention of the appellee beneficiary, was that through the obtaining of the consent of the insured, and through the leave to ''take out insurance,'' authority was necessarily included to make application for membership for the insured in the appellant association, and to procure the certificate, payable to appellee as beneficiary; that by virtue of such ''consent'' the deceased insured constituted the appellee her agent to make the application and procure the certificate, and that this included authority to receive the certificate as well. The view is taken that the insured had created a general agency for the purpose of procuring the insurance on her life, with appellee as beneficiary. If such facts were clearly established this court could agree with the contentions of the appellee and sustain the judgment entered by the court below. This court is of the opinion, however, that no such agency is established by the evidence.

In the case of *Gray v. North America Mut. Union, supra,* upon which appellant association places chief reliance, a son had attempted to obtain a certificate of membership in a mutual benefit association, and the insurance incident thereto, upon the life of his father, without first having obtained his father's consent and without any knowledge on the part of his father. The court in that case, after concluding that no insurance contract was created as between the son and the benefit

association, because of lack of insurable interest, declared, that the deceased never became a member of the benefit association and the mere fact of the issuance of the certificate did not give it any added validity. The court there recognized that a member, acting in his own behalf, and voluntarily, may make such provision for his next of kin as he may desire to make, but concluded that when others, without his knowledge or consent, undertake to direct his charities, based upon the period of his life, in which their only interest becomes his early demise and the enjoyment of his involuntary bounty, such contracts are mere wagers and gambling contracts, and void at their inception.

While the present case differs factually from *Gray v. North America Mut. Union, supra,* this court feels that there has been no sufficient showing that Callie Letha Hise ever became a member of the appellant association. The certificate was procured solely by the appellee beneficiary. While the fact that the appellee suggested the taking out of insurance would not bar a recovery on the certificate, this court believes it is not justified in expanding the rueful, if not somewhat reluctant, acquiescence of the deceased to the taking out of insurance on her life into an agency for the purpose of procuring such insurance on behalf of the deceased. The certificate was procured by the appellee without knowledge of deceased, six months after the conversation referred to in this opinion. The deceased did not participate in the taking out of such insurance in any manner, nor was the fact that such insurance was taken out communicated to her. Her statement to appellee, to the effect that she did not care if appellee would take out insurance on her, and that it would not, "make her die," or, "make her die any quicker," seems more consistently interpreted as a conversation with reference to an insurance contract between appellee and the benefit association, if any, rather than between the deceased and appellant association. Had the "consent" been

of such character as to establish a desire to obtain insurance and to designate appellee as beneficiary, our conclusion in this case would have been different.

We, therefore, conclude that the appellee, Della Foreman, was not entitled to recover any greater sum than she had paid in to the appellant corporation. The record shows that appellee is in possession of a check which appellant insists may be cashed at any time. On the assumption that such check may be cashed by appellee, and for the reasons stated, the judgment of the circuit court of Pope county is reversed.

*Reversed.*